IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTOTLE INTERNATIONAL, INC. *Plaintiff,* v. ACUANT, INC. and GB GROUP PLC *Defendants.* | [FILED UNDER SEAL] Civil Action No. 1:22-cv-00741-DLF |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE UNDER SEAL**

Pursuant to Local Civil Rule 5.1(h) and this Court's Order dated January 4, 2023 (ECF No. 38), Plaintiff Aristotle International, Inc. ("Aristotle") respectfully moves to redact portions of the Court's January 4, 2023 Order granting in part and denying in part defendants' motion to dismiss (the "MTD Decision"). The proposed redactions (the "Proposed Redactions") are concurrently filed with this Motion as Exhibit A and are narrow and limited to references to certain highly confidential terms recited in the contract at issue in this case (the "Agreement"). ECF No. 19-4. If publicly disclosed, these proposed redacted terms could harm Aristotle's competitive standing. *See* ECF Nos. 3, 19, 23, 32.

On January 10, 2023, Aristotle shared the Proposed Redactions with defendants' counsel. Later the same day, defendants' counsel responded that Defendant Acuant, Inc. ("Acuant") opposes any redactions to the MTD Decision and that Defendant GB Group PLC ("GBG") takes no position on the Proposed Redactions.

Aristotle respectfully requests that the Court permit sealing of the Proposed Redactions for the reasons set forth below.

**ARGUMENT**

"The decision to permit or restrict public access to judicial proceedings is a discretionary

one, requiring consideration of the relevant facts and circumstances of a particular case." *Nat'l ATM Council v. Visa Inc.*, No. 11-1803 (RJL), 2021 WL 7908125, at *1 (D.D.C. Sept. 16, 2021) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  The D.C. Circuit has identified six factors (referred to as the *Hubbard* factors) that guide this analysis: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)); *see also Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 671 (D.C. Cir. 2017) ("For documents containing sensitive business information and trade secrets, those factors often weigh in favor of sealing and, as *Hubbard* itself noted, courts commonly permit redaction of that kind of information.").

As Chief Judge Beryl A. Howell found when granting Aristotle's request to file the Complaint under seal, and as further explained below, the *Hubbard* factors weigh in favor of the limited sealing sought here.  *See* March 17, 2022 Memorandum & Order at 3 ("Sealing Order").

First, the potential prejudice to Aristotle from disclosure is significant and would risk serious injury to Aristotle's business interests and competitive standing.  *See* Sealing Order at 4; *State of New York v. Microsoft Corp.*, No. CIV.A. 98-1233, 2002 WL 1315804, at *1 (D.D.C. May 8, 2002) (refusing to allow disclosure where "[t]he release of this confidential business information would prove detrimental to [movant's] competitive standing"); *see also* Declaration of John Aristotle Phillips in Support of Motion to File Complaint Under Seal (ECF No. 1-1).

Second, Aristotle has a significant privacy interest in "protect[ing] all its trade secret and confidential business information."  *See* Sealing Order at 4; *United States v. Anthem, Inc.*, No.

1:16-CV-01493, 2016 WL 11164059, at *2 (D.D.C. Nov. 20, 2016) (finding that the "strength of any property and privacy interests asserted" weighs strongly in favor of sealing because movant had contractual agreements to maintain the confidentiality of the information). More specifically, certain portions of the Agreement reflect highly confidential trade secret information, including, for example, Exhibit B (which contains pricing strategies). *See* ECF No. 23 at 10. Further, Exhibit A to the Agreement contains certain Targeted Entities that are confidential to Aristotle, and, if publicly-disclosed, could reveal information about Aristotle's strategy and business concerns. *See* ECF No. 1-1, ¶ 2. As another example, portions of the body of the Agreement reveal how Aristotle structures its reseller agreements and controls use of its data services, as well as the markets and areas where it is particularly focused. *See id.*

Indeed, the Proposed Redactions substantively mirror the content that is redacted from the Complaint (ECF No. 3) and Aristotle's Opposition to Defendants' Motion to Dismiss (ECF No. 24),[1] and are limited to portions of the MTD Decision that recite or reflect confidential information. The Court granted Aristotle's prior motions to seal effectively the same information. *See* ECF No. 19, 23, 32, 8/19/22 Minute Order; 9/14/22 Minute Order. Nothing has changed since then that would warrant a different outcome here.

Third, the information contained in the Proposed Redactions has not been previously disclosed. *See* Sealing Order at 4. In fact, Acuant previously agreed (as per the terms of the Agreement) that the terms are confidential. *See* ECF No. 19-4, ¶ 9. Indeed, Acuant did not oppose Aristotle's sealing request (concerning largely the same information) in connection with prior briefing (ECF Nos. 23 and 24), and there is no basis for now arguing to the contrary.

Further, as Acuant knows, Aristotle has alleged that the Agreement itself is confidential and

---

[1] Acuant did not previously oppose Aristotle's motion to seal effectively the same information.

that portions of that document itself contain trade secret information.  *See* ECF No. 3, ¶¶ 24, 38.  The confidentiality of the Agreement forms part of Aristotle's trade secret and breach of contract claims.  Acuant may wish to challenge Aristotle's position during the course of the case and argue that the Agreement itself is not confidential but opposing a motion to seal is not the mechanism to do so.  Acuant can pursue discovery regarding the confidentiality of the information in the Agreement and address those issues with the Court at a later time if the evidence so warrants.

Finally, the public's need for the redacted information is limited because it is confidential business information, and the Proposed Redactions are sufficiently limited—in some cases focused on just short phrases—and does not inhibit the public's ability to follow and understand this action.  *See* Sealing Order at 3–4; *Metlife*, 865 F.3d at 671 ("[C]ourts commonly permit redaction" of "sensitive business information and trade secrets").

Accordingly, for the reasons set out above and as detailed in its prior briefing moving to seal, Aristotle respectfully requests that this Court enter an order granting its Motion for Leave to File Under Seal, in accordance with its narrowly-tailored Proposed Reactions to the MTD Decision.

## LOCAL CIVIL RULE 7(M) CERTIFICATION

Pursuant to Local Rule 7(m), the undersigned counsel for Plaintiff has conferred with the defendants.   Defendant Acuant, Inc. opposes any redactions to the MTD Decision, while Defendant GB Group Plc declines to take a position either way.

Dated: January 11, 2023

Respectfully submitted,
SHEARMAN & STERLING LLP

By: /s/ Grace Lee
Grace Lee (D.C. Bar No. 1742038)
401 9th Street NW, Suite 800
Washington, D.C. 20004
Tel: 202-508-8065
grace.lee@Shearman.com

Matthew G. Berkowitz (*pro hac vice*)
Yue (Joy) Wang (*pro hac vice*)
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Tel: 650-838-3600
matt.berkowitz@Shearman.com
joy.wang@Shearman.com

*Counsel for Plaintiff Aristotle International Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2023 a copy of the Motion for Leave to File Under Seal and the Proposed Redactions was filed electronically via the Court's ECF System and a copy (including the NEF and proposed redactions) has been emailed per the parties' agreement as follows:

John Burlingame
Squire Patton Boggs
2550 M Street NW
Washington, D.C. 20037
Telephone: (202) 457-4840
Fax: (202) 457-6315
Email: john.burlingame@squirepb.com

*Counsel for Defendants Acuant, Inc. and GB Group PLC*

　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Grace Lee*
　　　　　　　　　　　　　　　　　　　　　　　　Grace Lee